CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODI LEE VENCILL, | ) | MEMORANDUM OPINION |
| | ) | |
| Petitioner, | ) | |
| | ) | CASE NO. 7:12-CV-00140 |
| v. | ) | |
| | ) | |
| PHYLLIS A. BASKERVILLE, WARDEN | ) | By: James C. Turk |
| FLUVANNA CORRECTIONAL CENTER | ) | Senior United States District Judge |
| FOR WOMEN | ) | |
| Respondent. | ) | |

Jodi Lee Vencill ("Petitioner" or "Vencill"), an inmate in the Commonwealth of Virginia proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Vencill challenges the validity of her confinement pursuant to three 2006 judgments by the Circuit Court of Tazwell County: (1) conviction and sentencing for conspiracy, false pretense, and failure to register as a sex offender; (2) revocation of probation; and (3) larceny. See Pet. ¶ 5, ECF No. 1. Respondent filed a Motion to Dismiss (ECF No. 7), and Vencill responded (ECF No. 18), making the matter ripe for disposition. After review of the record, the court grants the motion to dismiss Vencill's claims as time-barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

I.

On August 31, 2005, Vencill, represented by counsel, entered *nolo contendere* pleas to charges of conspiracy to distribute oxycodone and to obtain money under false pretenses. Vencill was sentenced on January 25, 2006 for the conspiracy and false pretense offenses along with an offense for failing to register as a sex offender. Vencill was sentenced to a total ten years

imprisonment—part of which the court suspended, leaving Vencill with five years and twelve months to serve. Conviction & Sentencing Order (Jan. 25, 2006) (Nos. CR05-538 through -539 and CR05-1156), Resp't Ex. 3, ECF No. 9.

As a consequence of these new convictions, the circuit court revoked Vencill's suspended sentences and probation for Vencill's unrelated 2000 conviction for concealment and 2002 conviction for forcible sodomy. Probation Violation Order (Jan. 27, 2006) (Nos. 99-897-03, 99-898-03, CR00-2287-01, 01-551-02), Resp't Ex. 4, ECF No. 9. The court reimposed sentences totaling twenty-four years, but re-suspended all but ten years, with the prison term to be followed by indefinite probation. Id.

At a proceeding on April 10, 2006, Vencill entered *nolo contendere* pleas to six counts of felony larceny. By order entered May 22, 2006, the court sentenced her to twelve years—with six years suspended—to run concurrent with her previously imposed sentences. Conviction & Sentencing Order (May 22, 2006) (Nos. CR05-1429 through -1434), Resp't Ex. 5, ECF No. 9. Vencill did not immediately appeal any of these convictions or sentences.

On January 29, 2008, Vencill filed her first petition for a writ of habeas corpus with the Supreme Court of Virginia. Vencill challenged the validity of the circuit court's January 25, 2006; January 27, 2006; and May 22, 2006 judgments, citing a variety of grounds for her petition, including a denial of her right to appeal. On May 29, 2008, the Supreme Court of Virginia awarded Vencill a writ of habeas corpus as to the denial of her right to appeal and granted her leave to file a delayed appeal with the Court of Appeals of Virginia. See R. No. 080233, Resp't Ex. 6, ECF No. 9. The court also dismissed without prejudice her remaining habeas claims. Id. Vencill pursued the delayed appeal, which the Court of Appeals of Virginia

2

denied by order dated May 27, 2009. See R. No. 2258-08-3, Resp't Ex. 7, ECF No. 9. Vencill did not pursue a subsequent appeal to the Supreme Court of Virginia.

On May 27, 2010, Vencill filed her second petition for a writ of habeas corpus with the Supreme Court of Virginia challenging the same three 2006 judgments. Vencill presented various claims including: that she was denied effective assistance of counsel; that her pleas were not knowingly and voluntarily made; that her double jeopardy rights were violated by her conviction for multiple counts of felony larceny; that her due process rights were violated because the trial judge and Commonwealth's Attorney had conflicts of interest; that her sentence constitutes cruel and unusual punishment; and that her sentence exceeded sentencing guidelines. By order dated January 13, 2011, the Supreme Court of Virginia dismissed Vencill's petition on the merits. R. No. 101019, Resp't Ex. No. 8, ECF No. 9.

On January 10, 2012, Vencill moved this Court for an extension of time in which to bring a petition for a writ of habeas corpus. Magistrate Judge Ballou denied Vencill's motion to extend her time to file a petition because such an extension is not permitted by the United States Code. However, the Court construed and conditionally filed Vencill's motion as a § 2254 petition and directed her to submit an amended petition within ten days, stating her claims for habeas relief and presenting any arguments as to why her petition should be considered timely filed under § 2244(d)(1) or why it should otherwise be considered on the merits despite being untimely filed. See Case No. 7:12CV00015. Vencill failed to submit a compliant § 2254 petition, but rather filed a motion for appointment of counsel. The Court denied that motion on February 13, 2012, and gave Vencill another ten days to submit a petition that included a clear and concise statement of her claims. See ECF No. 9, Ex. 11. Vencill again failed to comply, and the Court dismissed Case No. 7:12CV00015 without prejudice by Final Order entered February

3

29, 2012. Id. Vencill then filed the present petition on March 19, 2012,[1] challenging the three 2006 judgments and raising the same claims she presented in her second petition for a writ of habeas corpus to the Supreme Court of Virginia.

## II.

### A. Statute of Limitations

Habeas petitions filed under 28 U.S.C. § 2254 are subject to a one-year period of limitation that begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsections B through D are inapplicable here. After her delayed appeal was denied, the state did not prevent Vencill from filing a federal habeas petition. See § 2244(d)(1)(B). Vencill does not assert a newly recognized right. See § 2244(d)(1)(C). Lastly, Vencill was aware of the factual predicates of her claims well before the state judgment became final, as evidenced by her inclusion of identical claims in her first state habeas petition. See § 2244(d)(1)(D). Therefore, the one year period of limitations began to run from the date on

---

[1] A prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases.

4

which the state judgments became final—when Vencill exhausted her opportunities to seek direct review or when the time to do so expired. See § 2244(d)(1)(A).

Vencill was sentenced by the state court on January 25 and 27, 2006 and on May 22, 2006. Although Vencill did not appeal at that time, the Supreme Court of Virginia subsequently found that her right to appeal had been denied and granted her the right to pursue a delayed appeal. The Court of Appeals of Virginia denied Vencill's petition for appeal on May 27, 2009. When the time for Vencill to pursue direct review of the Court of Appeals' decision in the Supreme Court of Virginia expired on June 26, 2009,[2] her convictions became final under § 2244(d)(1)(A). See Jiminez v. Quarterman, 555 U.S. 113, 121 (2009) ("[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."). Irrespective of any tolling, Vencill then had one year—until June 28, 2010—to petition this Court for relief under § 2254. Unless a statutory tolling provision or equitable tolling applies to Vencill's federal habeas petition filed March 19, 2012, it is untimely filed under § 2244(d)(1).

## B. Tolling Issues

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." "[An] application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings,"

---

[2] Vencill had 30 days to file a notice of appeal. Va. Sup. Ct. R. 5:14.

5

which includes the prescribed "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Vencill's second state habeas petition appears to have complied with these requirements, and Respondent does not challenge such compliance.

As stated, the state court judgments Vencill challenges became final on June 26, 2009. A total of 335 days of the federal limitations period elapsed before Vencill filed her second habeas petition with the Supreme Court of Virginia on May 27, 2010, which stopped the federal clock. The limitations period remained tolled until the Supreme Court of Virginia dismissed the Vensill's petition on January 13, 2011. Vencill then had only 30 days—until February 14, 2011—to file a timely § 2254 petition. However, another 431 days elapsed between January 13, 2011, and March 19, 2012, when Vencill filed the present petition.[3] Accordingly, Vencill filed this petition 401 days after the expiration of the one-year period of limitations contained in 28 U.S.C. § 2244(d)(1)(A).

Although Vencill has not expressly sought the benefit of equitable tolling, the Court nonetheless considers whether she is entitled to it. In order to benefit from equitable tolling, Vencill bears the burden of establishing that (1) she pursued her rights with reasonable diligence, and (2) some extraordinary circumstance prevented her from timely filing her habeas petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is only warranted in those "rare instances where—due to circumstances external to the party's own conduct—it would be

---

[3] As discussed, Vencill's first communication with the Court about habeas relief—her January 10, 2012, motion for extension of time—was construed and conditionally filed as a § 2254 action on January 13, 2012, Case No. 7:12CV00015, but was later was dismissed without prejudice when Vencill failed to state her claims for relief. Even if Vencill's January 10, 2012 submission had made a proper statement of her habeas claims, that petition was filed 330 days after the expiration of Vencill's one-year filing period under § 2244(d)(1)(A).

6

unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

Upon a review of the record, the only possible basis for any argument that Vencill is entitled to equitable tolling is the allegation that she was advised by the prison lawyer that her time to file a petition was "one year from the date of judgment on the second [state] habeas petition." See ECF No. 18, ¶ 10. The court concludes, however, that even assuming Vencill was given this advice, it does not entitle her to equitable tolling. Reliance on the advice of counsel—or in this case, of the institutional attorney at Fluvanna Correctional Center for Women—is not an extraordinary circumstance external to Vencill's own conduct. The United State Supreme Court noted in Lawrence v. Florida that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 549 U.S. 327, 336–37 (2007). In that case, the petitioner's counsel was appointed and supervised by the state.

> But a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay. [Petitioner] has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations.

*Id.* at 337. But even where unrepresented, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Vencill offers no other explanation for her 335-day delay in filing her second state habeas petition, or for her 431-day delay in filing this petition. Certainly, Vencill has not shown that she exercised reasonable diligence in pursuing her rights or that any extraordinary circumstance prevented her from filing a timely state habeas petition or a timely § 2254 petition. Therefore, the Court concludes that she is not entitled to equitable tolling.

7

## III.

In conclusion, the Court **GRANTS** the Motion to Dismiss and hereby **DISMISSES** the § 2254 petition upon finding that Vencill's claims are procedurally barred from review on the merits because they are untimely filed under § 2244(d)(1)(A), and because she fails to demonstrate any ground for statutory or equitable tolling of the limitation period under this section. An appropriate order will issue this day.

Vencill is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this Court issues a certificate of appealability ("COA"), pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). To warrant a COA as to claims that a district court rejects solely on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. 473, 484 (2000) (emphasis added).

Based on the above standards, the Court concludes that Vencill is not entitled to a COA. Reasonable jurists could not debate the Court's conclusion that her petition is time-barred and that she is not entitled to equitable tolling. Nor could they debate that Vencill has failed to demonstrate "a substantial showing of the denial of a constitutional right." The Court therefore declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. If Vencill intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within thirty (30) days of the date of entry of this memorandum opinion and the

accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Petitioner and to counsel of record for Respondent.

ENTER: This 14th day of November, 2012.

/s/ James C. Turk
Senior United States District Judge